**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Gallardo, et al., | No. CV-20-00889-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| First Horizon Home Loans, et al., | |
| Defendants. | |

This Order addresses two pending motions. The first is the Motion to Deem Removal Filed On May 6, 2020, which was filed by Defendants First Horizon Home Loans, First Tennessee Bank, N.A., and First Horizon National Corp. (collectively "First Horizon"). (Doc. 6.) The second is the Motion to Remand filed by Plaintiffs Edward Gallardo and Joni McLin-Gallardo (the "Gallardos"). (Doc. 14.)

The Gallardos filed their Complaint in the Arizona Superior Court on April 3, 2020. First Horizon was served on April 6, 2020. First Horizon sought to remove to this Court on May 6, 2020, the last possible day for removal permitted by 28 U.S.C. § 1446(b).[1] First Horizon initiated the Notice of Removal filing process using this Court's electronic case filing system ("ECF").

It has been said that the best laid plans of mice and men often go awry. *Cf.* Robert Burns, *To a Mouse* (1785). Consistent with that maxim, on the next day, May 7, 2020, First

---

[1] This case falls in the diversity category for federal subject-matter jurisdiction. There is diversity of citizenship, however, the parties dispute whether the amount-in-controversy requirement is met. *See* 28 U.S.C. § 1332(a)(1).

Horizon's counsel received an email from the Clerk of the Court stating that, although the $400 filing fee was paid, "the case opening documents [i.e., the Notice of Removal] were not received." The email instructed counsel to return to the ECF website and upload the Notice of Removal to the ECF system, which they did. This completed the removal filing begun the day before.

The problem is that the filing is one day late because the filing was completed on May 7, 2020. First Horizon's Motion contends that an error occurred with the Court's ECF system and it asks for an order correcting the filing date to May 6, 2020. It includes the declaration of Yolanda Pinkney-Jordan, First Horizon's counsel's legal staff person who was tasked with the filing. (Doc. 6-1.) Her declaration describes the process that she followed on May 6, 2020 using the ECF system. It includes a printout of the webpage showing one of the final steps in the ECF filing process. (Pinkney-Jordan Declaration Exhibit 1 (Doc. 6-1 at 6).) The printed webpage confirms that the $400.00 filing fee was received, provides the receipt number, and lists all the documents uploaded for filing. It also states the following: "Attention!! Pressing the NEXT button on this screen commits this transaction. You will have no further opportunity to modify this transaction if you continue." At the bottom of the page, the user is prompted to select "Next" or "Clear." The documents uploaded to the system will not be filed with the clerk until the user clicks the "Next" option. Ms. Pinkney-Jordan's declaration states that "[y]ou can see the documents were uploaded on May 6, 2020, because the bottom of the page state[s] '5/6/2020.'" (Doc. 6-1 at 3 ¶ 3.) She then declares that "I hit the 'next' button to complete the submission" (*Id.* ¶ 4.)

When the ECF user clicks on the "Next" button, the user's screen will update to a new page with the following message:

> The clerk will assign a judge and process the new case. You will receive a NEF [i.e., notice of electronic filing] with the permanent case number and judge assignment.
>
> Cases will proceed within one business day of receipt. The "File Date" will be the date the documents were submitted

AND the filing fee paid through Pay.gov.[2]

PLEASE PRINT & RETAIN THE FINAL SCREEN AS
YOUR RECEPT FOR SUBMITTING A NEW CASE

Ms. Pinkney-Jordan's declaration does not specifically state that she clicked through the ECF system to arrive at *this* final step. Her declaration does not attach a copy of this filing screen that, importantly, instructs the user to "PRINT & RETAIN" it as it is "YOUR RECEPT FOR SUBMITTING A NEW CASE." Without having a copy of this receipt, the Court cannot conclude that all the steps necessary to electronically file the petition for removal were completed on May 6, 2020.

Under 28 U.S.C. § 1446(b) a defendant must remove to federal court "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading." It is undisputed that the thirtieth day was May 6, 2020. The Gallardos' Motion for Remand correctly states that the statutory removal deadline "is not subject to an extension by [the] consent of the parties or order of the court." (Doc. 14 at 4 (quoting *Barton v. Lloyd's of London*, 883 F. Supp. 641, 642 (M.D. Ala. 1995).) Circumstances may exist where an overdue removal petition may be deemed timely filed, including where the delay results from the Clerk of the Court's processing error. *See Hutchinson v. Marquee Fiduciary Advisors, LLC*, No. CV-13-01037-PHX-GMS, 2013 WL 3895023, at *1 (D. Ariz. July 29, 2013). Nothing in the record shows that such error occurred in this case. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Accordingly, the Court will remand this case to the Arizona Superior Court.

Accordingly,

**IT IS ORDERED** that the Motion to Remand (Doc. 14) is **GRANTED**. This case is remanded to the Arizona Superior Court in Maricopa County.

**IT IS FURTHER ORDERED** that the Motion to Deem Removal Filed On May 6, 2020 (Doc. 6) is **DENIED**.

---

[2] Pay.gov is a payment processing website that is outside of the ECF system. It is not operated by the Clerk of the Court.

1   **IT IS FURTHER ORDERED** that First Horizon's Motion to Dismiss (Doc. 10)
2   remains pending before the Arizona Superior Court.
3       **IT IS FINALLY ORDERED** denying oral argument in this case.[3]
4   Dated this 22nd day of June, 2020.

                          Michael T. Liburdi
                          United States District Judge

---

[3] Both parties have submitted legal memoranda and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).